IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MAR 13 2018

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

ERIC HART - #Y-21325 )
) Docket No. 18-567-JPG
) (To be supplied by the Clerk)
)
Plaintiff/Petitioner(s), )
) ☒ CIVIL RIGHTS COMPLAINT
) pursuant to 42 U.S.C. §1983
) (State Prisoner)
-vs- )
ALFONSO DAVID ) ☐ CIVIL RIGHTS COMPLAINT
WEXFORD HEALTH SOURCE, ) pursuant to 28 U.S.C. §1331
INC. ) (Federal Prisoner)
)
) CIVIL COMPLAINT
) ☐ pursuant to the Federal Tort Claims
) Act, 28 U.S.C. §1346, 2671-2680
Defendant/Respondent(s). )

I. **JURISDICTION**

A. Plaintiff's mailing address and/or register number and present place of confinement.
ERIC HART, 6665 STATE Rt. 146 East VIENNA, ILLINOIS 62995.

B. Defendant ALFONSO DAVID is employed as
(Name of First Defendant)
MEDICAL DIRECTOR - MEDICAL DOCTOR
(Position/Title)
with SHAWNEE Correctional CENTER, And
(Employer's Name and Address)
WEXFORD HEALTH SOURCES, INC.

At the time the claim(s) alleged in this complaint arose, was the defendant employed by the state, local or federal government?

Yes (☒)   No ( )

If your answer is "yes", briefly explain:
ALFONSO DAVID WAS Employed by SHAWNEE CORR. CENTER, AS A MEDICAL DOCTOR.

Rev. 2/00

C. Defendant _WEXFORD HEALTH SOURCES, INC._ is employed as
(Name of Second Defendant)
_MANAGEMENT OVER EMPLOYEES_
(Position/Title)
with _SHAWNEE CORR. CENTER_
(Employer's Name and Address)
_WEXFORD HEALTH SOURCES, IN, 501 HOLIDAY DRIVE, FOSTER PLAZA FOUR, PITTSBURG, PA 15220,_

At the time the claim(s) alleged in this complaint arose, was the defendant employed by the state, local or federal government?

Yes (X)    No ( )

If your answer is "yes", briefly explain:
_ALFONSO DAVID WAS EMPLOYED BY I.D.O.C. AT SHAWNEE CORR. CENTER, AS MEDICAL DIRECTOR AND MEDICAL DOCTOR._

D. Using the outline of the form provided, include the above information for any additional defendant(s). _WEXFORD HEALTH SOURCES, INC. WAS EMPLOYED BY IDOC TO PROVIDE MEDICAL TREATMENT TO INMATES. WEXFORD ALSO PROVIDE MEDICAL PERSONNEL TO IDOC FACILITIES._

II. PREVIOUS LAWSUITS

A. Have you begun any other lawsuits in state or federal court relating to your imprisonment?

Yes ( )    No (X)

B. If your answer to "A" is "yes", describe the lawsuit(s) in the space below. (If there is more than one (1) lawsuit, you must describe the additional lawsuits on another sheet of paper, using the same outline.) **Failure to comply with this provision may result in summary denial of your complaint.**
_N/A_
_N/A_
_N/A_

Rev. 2/00

- 2 -

1. Parties to previous lawsuits:
   Plaintiff(s) _N/A_

   Defendant(s) _N/A_
   _N/A_

2. Court (if Federal Court, name the District; if State Court, name the County)
   _N/A_

3. Docket number _N/A_

4. Name of Judge to whom case was assigned _N/A_

5. Type of case (for example Was it a Habeas Corpus or Civil Rights action?)
   _N/A_

6. Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?) _N/A_

7. Approximate date of filing lawsuit _N/A_

8. Approximate date of disposition _N/A_

III. **GRIEVANCE PROCEDURE**

A. Is there a prisoner grievance procedure in the institution? _YES_

B. Did you present the facts relating to your complaint in the prisoner grievance procedure?
   Yes (X)  No ( )

C. If your answer is "yes",
   1. What steps did you take? _Submitted Grievance(s) to Grievance Officer. Submitted grievances to Administrative Review Board; A.R.B._

   2. What was the result? _Grievances were denied, and ultimately Relief was also denied._

D. If your answer is "no", explain why not. _N/A_
   _N/A_
   _N/A_

E. If there is no prisoner grievance procedure in the institution, did you complaint to prison authorities? Yes (X)   No ( )

F. If your answer is "yes",
1. What steps did you take? Sought Requested Relief From Administrative Review Board Personnel.

2. What was the result? Requested Relief was Ultimately Denied.

G. If your answer is "no", explain why not. N/A
N/A
N/A

H. Attach copies of your request for an administrative remedy and the response(s) you received. If you cannot do so, explain why not: "SEE" Exhibit(s) (A) And (b).

## IV. STATEMENT OF CLAIM

State here, as briefly as possible, the FACTS of your case. State who, what, when, where and how you feel your constitutional rights were violated. Do not cite cases or statutes. If you choose to submit legal arguments or citations, you must do so in a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, <u>attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits.</u>

<u>Only two (2) extra pages (8½ x 11") are permitted, if necessary, to complete your statement of claim.</u> Additionally, attach any relevant, supporting documentation.

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (A)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. 2201 and 2202, and compensatory and punitive damages. Southern District is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this occurred.

2. Plaintiff Eric Hart during the events described in this complaint was a inmate housed at Shawnee Correctional Center.

Rev. 2/00

3. Defendant "Alfonso David" is the Medical Director, and Medical Doctor at Shawnee Correctional Center. In his current official capacity, he is legally responsible for the operation of the Medical Program, the supervision of the medical staff, and for the medical treatment of all inmates at Shawnee Corr. Center.

4. Defendant "Wexford" Health Sources, Inc., is the provider of pharmaceuticals and medical personnel to I.D.O.C. and Shawnee Corr. Center; "Wexford" is legally and officially responsible for the supervision and training of Wexford's employees — including Shawnee Corr. Center Medical Director, Alfonso David.

5. Each defendant is sued individually and in his and/or her official capacity. At all times relevant to this complaint each defendant acted under the color of state law.

(5)

6. On or about May 28, 2017, after suffering a fall from the top bunk of his assigned cell, Plaintiff was seen by medical staff assigned to conduct "Nurse Sick Call" Line(s). Nurses assigned to NSC examined Plaintiff, took Plaintiff's temperature, and issued Ibuprofen tablets (200mg) for 3-days to relieve the pain caused by the fall from the bunk. Per the nurse(s) assessments, Plaintiff had decreased range of motion, but no swelling.

7. Subsequently, Plaintiff continued to experience pain in his back, neck and hip and, on Jun 1, 2017, Plaintiff was again seen by Nurses Sick Call staff.

8. On Jun 1, 2018, Plaintiff informed "Sick Call" staff that as a consequence of the fall from his top bunk he suffered severe pain with "squatting, bending over, and other daily activities" that radiates pain to his spine, neck and back. Because of the pain he suffered whenever he attempted to bend or squate, Plaintiff requested that he be issue a bottom or "Low Bunk" permit.

(6)

9. On Jun. 1, 2017, after submitting a request to medical staff to be provided pain medication for his back, neck and shoulder, Plaintiff was seen by sick call staff. After a brief interview, Plaintiff informed sick call staff of the pain he was having in his back, neck, and shoulder.. Plaintiff also requested a "Low Bunk" permit. Subsequently, Plaintiff was issued Tylenol tablets (325) mg. for (3) days; the "Low Bunk" permit was denied..

10. On Jun. 5, 2017, after informing health care staff that the pain medication, (Tylenol) given to him on Jun. 1, 2017, was not relieving his pain, Plaintiff was seen by Defendant, Dr. Alfonso David; Plaintiff explained to Defendant the pain he was experiencing in his back, neck and shoulder. Plaintiff also informed Defendant that he feared he would suffer another fall out of the "Top Bunk" if he was not moved to the bottom bunk. Ultimately, Defendant prescribed Plaintiff "Naprosyn", and his

(7)

Request for a "Low Bunk" permit was denied...

11. On Jun. 11, 2017, Plaintiff suffered a second fall from the top bunk after attempting to place his foot on the steel sink next to the bunk. Plaintiff foot slipped off the sink and he fell to the floor of the cell. Consequently, Plaintiff was unable to move and security staff was compelled to report a "Code-(3)"-- Plaintiff was taken to the Health Care Unit where he was admitted into the Infirmary..

12. Consequently, Plaintiff remained in the Infirmary for approx: (10) days....

13. While housed in the Infirmary, Defendant Dr. Alfonso David embarked on a course of treatment which he knew was totally inadequate and ineffective...

(8)

14. Defendant, Dr. Alfonso David; (1) delayed providing Plaintiff with necessary medical treatment for non-medical reasons, despite Plaintiff constant complaints about severe pain in his back, neck, shoulder and hip... (2) Defendant, Dr. Alfonso David, refused to issue Plaintiff a "Low Bunk" permit - which would have prevented Plaintiff's fall from the top bunk of his cell...

15. Defendant, Dr. Alfonso David's conduct, as described more specifically herein, was committed by the Defendant while acting under color of state law...

16. Defendant, Dr. Alfonso David's conduct, as described more specifically herein, demonstrates a conscious and deliberate indifference to Plaintiff's needs which ultimately resulted in Plaintiff sustaining severe injury(s) as a consequence of Defendant's refusal to issue Plaintiff a "Low Bunk" permit...

(9.)

17. At the time of Plaintiff's fall from the top bunk of his cell, Plaintiff was (52) yrs. old and weighed approx: 300-pounds..

18. At the time of Plaintiff fall(s) from the top bunk(s) of his assigned cells - Defendant, Dr. Alfonso David knew that Plaintiff had suffered at least (1) fall from a "Top Bunk", thus, necessitating a "Low Bunk" permit..

19. Defendant, Dr. Alfonso David, knew that a significant risk existed that Plaintiff could suffer a "second" fall from the top bunk of his cell should he remain assigned to the upper bunk..

20. Defendant's disregard of the imminent danger posed to Plaintiff safety and wellbeing demonstrates a conscious and deliberate indifference to Plaintiff's needs which ultimately resulted in Plaintiff sustaining severe injury(s)..

(10)

WHEREFORE, Plaintiff ERIC HARP, Respectfully Requests this Court To:

A) Enter An Order Declaring Defendant's Dr. Alfonso David's Conduct Unconstitutional.

b) Award Compensatory Damages In the Amount of $250,000, Against Each Defendant Jointly And Severally.

c) Award Punitive Damages In the Amount of $250,000, Against Defendant Dr. Alfonso David.

d) Award Plaintiff Cost Of Bring the Instant Suit. Any Additional Relief this Court Deems Just, Proper And Equitable.

(11)

## V. REQUEST FOR RELIEF

State exactly what you want the Court to do for you. If you are a state or federal prisoner, and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records or parole release), you must file your claim on a Habeas Corpus form, pursuant to 28 U.S.C. §2254, 28 U.S.C. §2255, or 28 U.S.C. §2241.

Award Compensatory Damages In the Amount $250,000. Against Each Defendant. Award Punitive Damages In the Amount Of $250,000. Award Plaintiff Cost In Bring the Instant Complaint, Any Additional Relief the Court Deems Just, Proper And Equitable.

## VI. JURY DEMAND (check one box below)

The plaintiff does [X]   does not [ ]   request a trial by jury. (See Fed.R.Civ.P. 38.)

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I, the undersigned, certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11(a) and (b) may result in sanctions, monetary or non-monetary, pursuant to Federal Rule of Civil Procedure 11(c).

The plaintiff hereby requests the Court issue all appropriate service and/or notices to the defendant(s).

Signed this 4 day of March, 2018

X _____
Signature of Plaintiff

_____
Signature of attorney, if any

Rev. 2/00

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO COMMITTED PERSON'S GRIEVANCE

### Grievance Officer's Report

**Date Received:** 10/02/17  **Date of Review:** 10/5/17  **Grievance #** (optional): 2017-10-04

**Committed Person:** HART, ERIC  **ID#:** Y21325

Nature of Grievance: DISCIPLINARY – REPORT

Facts Reviewed: GRIEVANCE STATES INMATE WAS FOUND GUILTY OF 304. HE STATE HE IS NOT GUILTY AND REQUESTS IDR BE EXPUNGED

REVIEWED –

1) INMATE GRIEVANCE
2) IDR DATED 7/10/17 – C/O GIBBONS – INMATE OBSERVED YELLING AND MAKING THREATENING GESTURES W/IN 12 INCHES OF MEDICAL STAFF.
3) ADJUSTMENT COMMITTEE SUMMARY DATED 7/14/17 – BASED ON IDR AS WRITTEN POSTIVE ID, RECOMMENDATION OF GUILT, CAO APPROVAL ON 7/21/17

**Recommendation:** GRIEVANCE BE DENIED

Amended - 12/05/17

Remanded for further review

Per RN, DON E. WILKE – Offender Hart states that he is in pain 24 hours a day, that he hasn't had medication in 25 days and requesting help. Per the medical file, Hart was seen on 5/28/17 in NSC where he reported he fell off the top bunk on 5/24/17 but did not report it. On 5/28 17 Hart was given Ibuprofen 200mg tablets for pain for 3 days, and instructed to follow up if symptoms worsen or interfere with daily functioning. Per the nurses assessments Hart had decreased range of motion, but no bruising or swelling. Hart was seen in NSC again 06/01/17 requesting a low bunk permit. The only findings were crepitus noted to both knees, reported pain with squatting or bending that radiates to spine/neck since the reported fall on 5/24/17, and was referred to the doctor along with Tylenol 325 mg for 3 days. On 6/5/17 Hart was seen by the doctor who advised no medical need foe low bunk permit, advised to be careful, and was given an order for Naprosyn twice a day as need for 2 weeks, encouraged range of motion exercises, follow up as needed. Hart was seen again 6/11/17 for a reported fall and complaining of double vision, head pounding, decreased left hand grasp. Hart was placed in the infirmary and kept there until 6/21/17. While in the infirmary Hart was given Naprosyn for his pain and x-rays were taken. The x-rays results showed moderate osteoarthritis but no broken bones. Since discharge from infirmary on 06/21/17 Hart had been given low bunk, low gallery permit and to continue Motrin 600 mg until 6/27/17. 07/01/17 Hart was seen in NSC and given Motrin and already had a follow up appointment with the doctor. According to the medical file on 7/1/17 hart became loud and aggressively yelling at the doctor requesting a MRI; until the officer was called and the session was ended. Hart was seen 9/14/17 in NSC, given Motrin and referred to the nurse practitioner. On 9/15/17 Hart was seen by the nurse practitioner and given Mobic 7.5 mg daily for 8 months, Vitamin-D 1000 units daily for 8 months, was advised regarding food diary, exercise, range of motion, weight loss, and changed meds to Motrin 600 mg three times a day as needed for 3 months and to follow up as needed.

Per Warden – The IDR was reviewed, IDR will not be expunged

Based upon a total review of all available information, the Grievance officer deems this grievance –Denied

BOB ALLARD
Print Grievance Officer's Name                         Grievance Officer's Signature

(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

### Chief Administrative Officer's Response

**Date Received:** 12/6/17   ☒ I concur   ☐ I do not concur   ☐ Remand

**Comments:** _____

Chief Administrative Officer's Signature       12/6/17 Date

### Committed Person's Appeal to the Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO COMMITTED PERSON'S GRIEVANCE

### Grievance Officer's Report

2017-10-04

Date Received: 10/2/17    Date of Review: 10/5/17    Grievance # (optional): _____

Committed Person: **HART, ERIC**    ID#: **Y21325**

Nature of Grievance: DISCIPLINARY-REPORT

Facts Reviewed: GRIEVANCE STATES INMATE WAS FOUND GUILTY OF 304. HE STATES HE IS NOT GUILTY AND REQUESTS IDR BE EXPUNGED.

REVIEWED-

1) INMATE GRIEVANCE

2) IDR DATED 7/10/17-C/O GIBBONS-INMATE OBSERVED YELLING AND MAKING THREATENING GESTURES W/IN 12 INCHES OF MEDICAL STAFF.

3) ADJUSTMENT COMMITTEE SUMMARY DATED 7/14/17-BASED ON IDR AS WRITTEN, POSITIVE ID, RECOMMENDATION OF GUILT, CAO APPROVAL ON 7/21/17.

RECEIVED
OCT 10 2017
SHAWNEE C.C. WARDEN'S OFFICE

Recommendation: GRIEVANCE BE DENIED.

S. Rhine
Print Grievance Officer's Name    Grievance Officer's Signature

(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

### Chief Administrative Officer's Response

Date Received: 10/10/17    ☒ I concur    ☐ I do not concur    ☐ Remand

Comments: _____

Chief Administrative Officer's Signature    Date: 10/10/17

### Committed Person's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Committed Person's Signature    ID# Y21325    Date: 10,12,20

RECEIVED
OCT 17 2017
ADMINISTRATIVE REVIEW BOARD

Distribution: Master File; Committed Person    Page 1    DOC 0047 (Eff. 10/200
(Replaces DC 565

Printed on Recycled Paper

# ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| | | |
|---|---|---|
| Date: 6.19.17 | Offender: (Please Print) ERIC HART | ID#: Y21325 |
| Present Facility: Shawnee | Facility where grievance issue occurred: Shawnee | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [x] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify):

- [ ] Disciplinary Report: ___/___/___ Date of Report  _____ Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

- **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
- **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
- **Chief Administrative Officer,** only if EMERGENCY grievance.
- **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** Since May 11th, 2017 I have gone through thee proper channel's (i.e. filing grievances, and the RN sick-call protocol) to make aware to staff what I was experiencing. I am 52 year's of age, and a-bit over weight, and I keep falling off the top bunk, I went to see Dr. David several times in which he keeps denying me a bottom bunk permit. On June 11th, 2017 I fail off top bunk again, a code was called, and

**Relief Requested:** To receive timely adequate health care.

- [ ] Check **only** if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

X _[signature]_ Offender's Signature   Y21325 ID#   6/19/17 Date

(Continue on reverse side if necessary)

### Counselor's Response (if applicable)

Date Received: ___/___/___

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____ Print Counselor's Name   _____ Counselor's Signature   ___/___/___ Date of Response

### EMERGENCY REVIEW

Date Received: ___/___/___   Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____ Chief Administrative Officer's Signature   ___/___/___ Date

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE (Continued)**

I was sent over to health care unit. I have been in the infirmary ever since. I am not getting adequate healthcare because Dr. David has been insistent on not adhereing to proper constitutional treatment. My 8th amendment constitutional right of Cruel, and unusual punishment has been violated by Dr. David. I have explained to Dr. David that the medication I am given is not working. And, Dr. David is still not giving me an bottom bunk permit. My neck, back, left leg, and my body in general is currently causeing me ongoing pain. Since, I have been here at the infirmary in Shawnee Health Care Unit has been pointless. Pursuant to the Unified Code of Corrections I can write directly to the Director in regards to my grievance. I am constantly in excruciating pain, and I ask humbly that you Mr. John Baldwin do something about this cruelty I am currently experienceing. Thank you, So very much.

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE**

| Date: 7-28-2017 | Offender: (Please Print) Eric HART | ID#: Y21325 |
|---|---|---|

| Present Facility: SHAWNEE C.C. | Facility where grievance issue occurred: SHAWNEE C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [x] Restoration of Good Time
- [x] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [ ] Other (specify): _____

[x] Disciplinary Report: 7 / 14 / 2017    SHAWNEE C.C.
         Date of Report                     Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): IN LATE MAY 2017 I WAS IN A-1-32 I FELL OFF THE TOP BUNK, went TO SEE THE DOCTOR I HurT My Knee, Back, Neck and Hip. I Had X-rays No Broken Bones, But I Had Swellow on my Hip Knee and Legs. THE Doctor Put me back on THE Top Bunk. I Didn't Get Medice for 10 Days. In June 2017 I FELL OFF THE TOP Bunk Again. They Called CODE #3, I was put in the Hospital for 11 Days Had TO Wear A Neck Brace for 11 Days Had 10 X-rays Was on Bed Rest, THE Docter Send me back Right

Relief Requested: TO HAVE THIS Ticket Remove and Put Back on A Grade And Send TO A Drug Treatment Place PLEASE THANK YOU

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Eric Hart
Offender's Signature          Y21325      7/28/2017
                              ID#         Date

(Continue on reverse side if necessary)

**Counselor's Response** (if applicable)

Date Received: ___/___/___

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

Print Counselor's Name _____   Counselor's Signature _____   Date of Response ___/___/___

**EMERGENCY REVIEW**

Date Received: ___/___/___

Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

AUG 03 2017
ADMINISTRATIVE REVIEW BOARD

Chief Administrative Officer's Signature _____   Date ___/___/___

Distribution: Master File; Offender    Page 1    DOC 0046 (8/2012)
Printed on Recycled Paper

GET MEDS FOR ANOTHER 7 DAYS. I WROTE A GRIEVANCE TO WEXFORD HEALTH THEY WROTE ME BACK AND SAID TO FILE A GRIEVANCE WITH SHAWNEE C.C. FIRST. ON JULY 10 2017 THE DOCTOR CALL ME BACK FOR A CHECK UP HE SAID THAT I HAD NO BROKEN BONES, BUT STILL HAD SWOLLEN KNEES, BACK AND HIP. I ASKED THE DOCTOR CAN I HAVE A MRI, HE GOT MAD AND TOLD ME TO LEAVE HE RAISE HIS VOICE AT ME THREE TIME, I GOT UP TO LEAVE AND THE OFFICER GARY B GIBBONS TOLD ME TO GO TO THE WAITING ROOM. I DIDN'T CUSS OR POINT MY FINGER AT THE DOCTOR OR FLAILING MY ARMS I DIDN'T USE ANY CUSS WORDS, I WAS PUT IN SEGREGATION FOR 7 DAY AND THEN ROOM RESTRICTION FOR 15 DAYS AND 1 MONTHS OF B GRADE. THIS IS MY FIRST TIME IN PRISON HERE ON RETAIL THEFT ALSO I WAS ORDER BY TWO JUDGES ONE IN COOK CO. AND ONE IN DUPAGE CO. AND ALSO NRC IN STATEVILLE NRC FOR DRUG TREATMENT. WHY AM I HERE. I AM IN PAIN 24 HOUR A DAY HAVE NOT HAD MEDS IN 25 DAYS. COULD SOME ONE PLEASE HELP ME, I WOULD LIKE THIS TICKET REMOVE AND PUT BACK ON A GRADE AND SEND TO A DRUG TREATMENT LIKE SWICC LOGAN C.C. OR GRAHAM, OR EAST MOLINE. PLEASE MY CHURCH FAMILY MY GRANDKIDS, MY TWO SONS AND MY MOTHER WIFE I AM HER CARE TAKER AND MY GRAND MOTHER ALSO ARE WAITING AND NEED ME BACK HOME I UNDERSTAND THAT I AM IN PRISON BUT I HAVE SOME RIGHTS THANK YOU.

FIRST-CLASS MAIL
US POSTAGE $001.84
03/09/2018 Hasler
ZIP 62526
011E12650572

CORRESPONDENCE
FROM AN INMATE
OF IDOC

Eric Hart Y21328
Taylorville Correctional Center
Taylorville, Illinois
12568

Clerk of the Court
United States District Court
Southern District of Illinois
750 Missouri Avenue
East St. Louis, IL 62201

MAIL CLEARED
US MARSHALS

