**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ERIC HART, )<br>#Y-21325, )<br>)<br>          Plaintiff, )<br>)<br> vs. )<br>)<br>ALFONSO DAVID, and )<br>WEXFORD HEALTH SOURCES, INC., )<br>)<br>          Defendants. ) | Case No. 18-CV-567-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Eric Hart, an inmate currently housed at Taylorville Correctional Center, filed this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff claims that, when he housed at Shawnee Correctional Center ("Shawnee"), Alfonso David, a physician, exhibited deliberate indifference to his serious medical needs.

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A,[1] which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune

---

[1] Plaintiff's Complaint was filed on March 13, 2018. (Doc. 1). Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* was denied on March 20, 2015. (Doc. 5). Preliminary review of the Complaint was delayed pending payment of Plaintiff's filing fee. Plaintiff paid his full filing fee on May 4, 2018.

1

from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

Sometime prior to May 28, 2017, Plaintiff, a 52-year-old man weighing 300 pounds, fell from the top bunk of his assigned cell. (Doc. 1, pp. 6, 10). Upon initial examination, a nurse prescribed ibuprofen for pain and observed that Plaintiff had a decreased range of motion, but no swelling. (Doc. 1, p. 6). Subsequently, Plaintiff continued to experience pain in his back, neck, and hip. *Id.* On June 5, 2017, after informing healthcare staff that the pain medication was not working, Plaintiff was examined by Dr. David. (Doc. 1, p. 7). [2] Plaintiff described his pain and told Dr. David he feared he would suffer another serious fall if he did not receive a bottom bunk

---

[2] A grievance attached to the Complaint provides as follows with regard to Plaintiff's injury and subsequent examination with Dr. David:

> The only findings were crepitus noted to both knees, reported pain with squatting or bending that radiates to spine/neck since the reported fall on 5/24/17, and was referred to the doctor along with Tylenol 325 mg for 3 days. On 6/5/17 Hart was seen by the doctor who advised no medical need fo[r] low bunk permit, advised to be careful, and was given an order for Naproxen twice a day as needed for 2 weeks, encouraged range of motion exercises, follow up as needed.

(Doc. 1, p. 13).

permit. *Id.* Dr. David provided Plaintiff with Naproxen for his pain. *Id.* However, his request for a bottom bunk permit was denied. (Doc. 1, p. 8).[3]

On June 11, 2017, Plaintiff, once again, fell from the top bunk. *Id.* Plaintiff was unable to move and security staff transported Plaintiff to the infirmary under a "code 3" status. *Id.* Plaintiff remained in the infirmary for approximately ten days. *Id.*

Plaintiff claims that, while he was in the infirmary, Dr. David persisted in a course of treatment that he knew was inadequate and ineffective. *Id.* Plaintiff also claims that, despite his repeated complaints regarding severe pain, Dr. David delayed appropriate treatment for non-medical reasons. *Id.* Exhibits attached to the Complaint provide the following additional information with regard to Plaintiff's medical treatment while in the infirmary.

> Hart was seen again 6/11/17 for a reported fall and complaining of double vision, head pounding, decreased left hand grasp. Hart was placed in the infirmary and kept there until 6/21/17. While in the infirmary Hart was given Napro[x]yn for his pain and x-rays were taken. The x-rays results showed moderate osteoarthritis but no broken bones. Since discharge from infirmary on 6/21/17 Hart had been given low bunk, low gallery permit and to continue Motrin 600 mg until 6/27/17. 7/1/17 Hart was seen in NSC and given Motrin and already had a follow up appointment with the doctor.

(Doc. 1, p. 13) (response to Plaintiff's October 2, 2017 grievance regarding constant pain).

> I have been in the infirmary ever since. I am not getting adequate healthcare because Dr. David has been insistent on not adhering to proper constitutional treatment. My Eighth Amendment constitutional right of cruel and unusual punishment has been violated by Dr. David. I have explained to Dr. David that the medication I am given is not working. And, Dr. David is still not giving me a bottom bunk permit. My neck, back, left leg, and my body in general is currently causing me ongoing pain. Since I have been here at the infirmary in Shawnee HealthCare Unit has been pointless…I am constantly in excruciating pain, and I ask humbly that you Mr. John Baldwin do something about this cruelty I am currently experiencing…

(Doc. 1, p. 16) (grievance dated June 19, 2017).

---

[3] An exhibit attached to the Complaint indicates that Plaintiff requested a bottom bunk permit from Dr. David on several occasions after several falls. (Doc. 1, p. 15).

### **Dismissal of Wexford**

The Complaint states no deliberate indifference against Wexford, the private medical corporation that provides medical services for inmates at the prison. Plaintiff alleges that Wexford is subject to liability because it is "responsible for the supervision and training of Wexford's employees, including…Alfonso David." (Doc. 1, p. 5). However, Plaintiff cannot rely on a theory of *respondeat superior*, or supervisory liability, when bringing a claim against the medical corporation under § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A private corporation will generally only be held liable under § 1983 for an unconstitutional policy or custom that results in a constitutional deprivation. *Perez v. Fenoglio,* 792 F.3d 768, 780 (7th Cir. 2015) (citing *Woodward v. Corr. Med. Servs. of Ill., Inc*., 368 F.3d 917, 927 (7th Cir. 2014)). The Complaint describes no such policy or custom attributable to Wexford. Accordingly, Wexford shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### **Division of Counts**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

**Count 1 –** Eighth Amendment claim against Dr. David for exhibiting deliberate indifference to Plaintiff's serious medical need (injuries and pain stemming from falling out of the top bunk on June 11, 2017).

**Count 2 –** Eighth Amendment claim against Dr. David for denying Plaintiff's request for a bottom bunk permit on June 5, 2017.

## Count 1

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that (1) he suffered from an objectively serious medical condition and (2) the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). In addition, the "deliberate refusal to treat treatable pain can rise to the level of an Eighth Amendment violation." *Brown v. Darnold*, 505 F. App'x. 584 (7th Cir. 2013) (citing *Gil v. Reed*, 381 F.3d 649, 661-62 (7th Cir. 2004)). Finally, prison doctors demonstrate deliberate indifference when they respond to "a known condition through inaction" or "by persisting with inappropriate treatment." *Gaston*, 498 F.App'x. at 631-32; *Gayton v. McCoy*, 593 F.3d 610, 623-24 (7th Cir. 2010); *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011); *Greeno v. Daley*, 414 F.3d 645, 653-54 (7th Cir. 2005).

Here, Plaintiff's injury and pain following his fall on June 11, 2017, suggest an objectively seriously condition. Additionally, Dr. David's alleged persistence in an ineffective course of treatment, delayed treatment, and/or failure to treat Plaintiff's pain are sufficient, at this

5

early stage, to suggest the requisite state of mind. Accordingly, Count 1 shall receive further review as to Dr. David.

### Count 2

A prison official's deliberate indifference to an inmate's health or safety may violate the Eighth Amendment's ban on cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The inmate must allege both an objective and a subjective component of the claim. To satisfy the objective component, the alleged deprivation must be "sufficiently serious"; that is, it must expose the inmate to a "substantial risk of serious harm." *Id.* (internal quotation marks omitted). To satisfy the subjective element, the prison official must have acted with deliberate indifference to the inmate's health or safety; the official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

This standard is satisfied with respect to Count 2. According to the Complaint, Dr. David failed to provide Plaintiff with a bottom bunk permit, despite being informed of Plaintiff's need for one and despite having knowledge that Plaintiff had fallen from the top on at least one prior occasion. These allegations support a claim of deliberate indifference under Count 2 at this early stage. Accordingly, Count 2 shall receive further review.

### Pending Motions

Plaintiff's Motion for Service of Process at Government Expense (Doc. 3) is **GRANTED** as to Dr. David, the only defendant remaining in this action pursuant to this screening order.

### Disposition

**IT IS ORDERED** that **WEXFORD** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. The Clerk of the Court is **DIRECTED** to terminate **WEXFORD** as a party in CM/ECF.

**IT IS ORDERED** that the Complaint, which includes **COUNTS 1** and **2** shall receive further review as to **DAVID.**

**IT IS ORDERED** that the Clerk of the Court shall prepare for **DAVID**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be

**REFERRED** to a United States Magistrate Judge, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 8, 2018**

s/J. Phil Gilbert
**United States District Judge**