# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

ERIC HART,

    Plaintiff,

v.

ALFONSO DAVID,

    Defendant.

Case No. 3:18-cv-00567-JPG-RJD

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

Plaintiff Eric Hart—formerly an inmate at Shawnee Correctional Center—filed this Eighth Amendment case against prison doctor Alfonso David, alleging that Dr. David was deliberately indifferent to Hart's medical needs. (*See generally* ECF No. 8.) The defendant has since moved for summary judgment in this case on the grounds that Hart failed to exhaust his administrative remedies prior to filing suit: a prerequisite of the Prison Litigation Reform Act. 42 U.S.C. § 1997e(a); *see also Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). Magistrate Judge Reony J. Daly then issued a Report and Recommendation ("Report") finding that Hart did in fact exhaust his administrative remedies, and accordingly recommending that this Court deny the defendant's motion for summary judgment. (ECF No. 25.) The defendants have since objected to the Report. (ECF No. 26.)

The Court may accept, reject, or modify—in whole or in part—the findings or recommendations of the magistrate judge in a report and recommendation. FED. R. CIV. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those

1

unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Here, the Court has reviewed the record *de novo* and agrees with Magistrate Judge Daly's determinations. Dr. David had argued that Hart's grievances were not sufficient enough to put the prison on notice that Hart was complaining about Dr. David specifically—particularly because the grievances do not address Dr. David by name. (*See* ECF Nos. 23, 26.) But just as Magistrate Judge Daly explained, Hart's grievance repeatedly refers to Hart's alleged treatment, or lack thereof, by his medical doctor at the facility—and if the prison simply opened up Hart's medical records, then they would have quickly discovered that the treating physician was Dr. David. Accordingly, the Court will **ADOPT** the Report and Recommendation in its entirety (ECF No. 25), **FIND** that Hart exhausted his administrative remedies before filing suit, and **DENY** the defendants' motion for summary judgment (ECF No. 22).

**IT IS SO ORDERED.**

**DATED: FEBRUARY 4, 2018**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**
